1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR D. QUINN,<br><br>               Petitioner,<br><br>     v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>               Respondent. | NO. CV 06-04434 DOC (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. Accordingly, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, with the following modification:

\\
\\
\\
\\

Petitioner filed a late Traverse on October 16, 2008. The Court notes that Petitioner's Traverse was originally due in 2007. On January 30, 2008, the Court sua sponte provided Petitioner an extension of time to file a Traverse. However, no Traverse was filed. On July 2, 2008, this case was transferred to a new Magistrate Judge as the previously assigned Magistrate Judge was no longer available.

The Court issued its Report and Recommendation, recommending denial of the First Amended Petition, on September 25, 2008. Petitioner's Objections were due by October 15, 2008. No Objections were filed. On October 16, 2008, however, Petitioner filed a document entitled "Traverse Writ Answering The Answer For Writ Of Federal Habeas Corpus By State Prisoner" (the "Traverse").

Petitioner raises new claims in his Traverse. He argues that he was prejudiced by the trial court's "joinder" of Petitioner's trial with the trial of his co-defendant, Tryon Jones. (Traverse at 19). Furthermore, Petitioner asserts that he was prejudiced by the introduction of testimony about gang involvement in the crime. (Id. at 19-20). Finally, Petitioner claims for the first time that he was subjected to a suggestive identification procedure. (Id. at 23).

The Court notes that none of these claims were exhausted before the state courts. (See First Amended Petition ("FAP"), at 2-3, discussing claims included in state filings). Petitioner offers no explanation for his failure to exhaust these claims or for his extraordinary delay in bringing the claims to the Court's attention. The Court cannot stay an

exhausted petition for the purpose of considering unexhausted claims if the petitioner lacks good cause for his delay in exhausting such claims. Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Here, Petitioner lacks any explanation for his delay and has not demonstrated good cause. Moreover, Petitioner's failure to raise any of these claims in either the original Petition or the FAP provides additional grounds for this Court to decline review. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). The Court therefore declines to review any of the unexhausted and untimely claims raised in Petitioner's late Traverse.

Accordingly, IT IS ORDERED THAT:

1.   The First Amended Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

2.   The Clerk shall serve copies of this Order and the Judgment herein by United States mail on Petitioner and on counsel for Respondent.

DATED: October 23, 2008

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE